FILED
SUPERIOR COURT
OF GUAM

2019 JUL -8 AM 9: 30

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PETER JOHN T. RIOS, JR., | CIVIL CASE NO: CV1045-17 |
| PLAINTIFF, | |
| vs. | |
| | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND VACATING ORDER TO SHOW CAUSE** |
| ALBERTO "TONY" LAMORENA (OFFICIAL CAPACITY) DIRECTOR, DEPARTMENT OF CORRECTIONS, | |
| DEFENDANT. | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on May 13, 2019 for a hearing on an Order to Show Cause issued on April 16, 2019. While Plaintiff appears *pro se* in this case, he was not present at the hearing. Assistant Attorney General Monty May was present on behalf of Defendant along with Antone Aguon, an authorized representative of Department of Corrections. Having heard the Defendant's argument, the Court VACATED the Order to Show Cause and GRANTED the Defendant's Motion for Summary Judgment.

## Background

This matter arises from a complaint under the Sunshine Act against Plaintiff, a former federal detainee, against Defendant, a director of a Government of Guam agency. On January 7, 2019, this Court previously decided Defendant's Motion for Summary Judgment. In the Court's Decision and Order, the Court reserved its ruling on Plaintiff's request to produce certain documents pursuant to the Sunshine Act until the Court receives and reviews the documents. After Defendant's submission to the Court, the Court would then determine whether the disputed

documents respond to Plaintiff's request or covered by a Sunshine Act exemption. The Court also ordered Defendant to submit under seal "all requested documents that have not been produced to Plaintiff, along with a copy of Plaintiff's Sunshine Act request." Decision and Order, at p. 11 (Jan. 7, 2019).

On February 13, 2019, the Court received documents filed under seal which purportedly responded to the Court's mandate. However, on February 20, 2019, the Court issued an Order re: Production of Documents finding that the Defendant's February 13th submission did not satisfy the Court's previous order. The Court recognized that Defendant himself requested in his Motion for Summary Judgment that the Court examine in camera "written statements written by eight detainees or inmate" however, only five statements were submitted to the Court for review. The Court ordered Defendant to provide the remaining statements or provide a declaration that only five such statements exists. Similarly, Defendant requested the Court to review the medical documents to determine that they are protected from disclosure. However, defendant failed to include any medical records for the Court to review in its February 13th submission. Lastly, the Court also ordered Defendant to include a copy of Plaintiff's Sunshine Act request (or requests), but Defendant again failed to include such requests. The Court's February 20th Order forewarned Defendant that continued failure to comply will result in contempt proceedings under 7 GCA § 34101.

On March 13, 2019, Defendant in response filed a Supplement Response to the Court's order together with a Declaration of Antone Aguon. However, as stated in this Court's Order to Show Cause issued on April 16, 2019, Defendant's March 13th submission once again did not satisfy the Court's order. As previously stated by the Court such submissions are required for the Court to review in furtherance of its adjudication of the motion for summary judgment. While Defendant's supplemental response declares: (1) only five statements exists, (2) there are no medical records in Defendant's possession related to this matter, and (3) Defendant did not receive any of Plaintiff's Sunshine Act request - referenced in the Complaint as submitted to Defendant on April 11 and May 1, 2017. The Court required Defendant to provide the factual

basis and reasons for inconsistencies provided to the Court on the February 1, 2018 and September 4, 2018 filings. Further, Defendant referenced a March 1 and March 21, 2018 informational report and argued that such reports "contained the same information." However, Defendant only provided this Court with a copy of the March 1, 2017 informational report and the March 21, 2017 informational report was provided to the Defendant but not the Court. Without reviewing both reports, the Court cannot make a determination whether Defendant's failure to disclose one of the reports was justified.

Defendant appeared before his Court for a hearing on the Order to Show Cause on May 13, 2019. Hours before the scheduled hearing, Defendant filed a Response to Order to Show Cause explaining the discrepancies among the filings. Defense counsel stated: (1) the failure to correct that only five and not eight statements were in Defendant's possession was committed by counsel; (2) counsel did not confirm that Defendant possessed or had control over inmate medical records and the fact of non-possession did not become apparent until after the court issued its order on February 20, 2019; (3) counsel had has possession of both March 1st and March 21st informational report but failed to provide it to the Court relying on the position that the delivery of the report satisfied the Petitioner's request.

## Law

### I.    Motion for Summary Judgement re: Production of Documents

The outstanding issue before this Court is Plaintiff's claim for production of documents pursuant to the Sunshine Act. Defendant in response, moved for summary judgement arguing:

A. Production of statements by inmates or detainees are not subject to disclosure under 5 GCA §10108(b);

B. Defendant is not in possess of the requested medical records of the other detainees and assuming it was in possession disclosure is unwarranted, under 5 GCA § 10102, 10108(c); and

C. Plaintiff received all available reports by staff except for Officer B.A. Whalen's report dated March 1, 2017 because it contains the same information as the report previously provide to Plaintiff on March 21, 2017.

*See* Answer (Feb. 1, 2018); *See also* Decl. of Antone Aguon (Mar. 31, 2019); Def. Resp. to Order to Show Cause (May 13, 2019). Although Plaintiff did not oppose the Motion for Summary Judgement, the Court must still decide the motion on its merits. *Quitugua v. Flores,* 2004 Guam 19.

As previously held in its Decision and Order re: Defendant's Motion for Summary Judgement, granting Defendant's motion is proper "if the pleadings, depositions, answer to interrogatories, and admissions of file, together with affidavits, if and, show there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." (citing Guam R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1989)). This Court previously recognized "a genuine issue of material fact exists if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder." *Guam Pac. Enter., Inc. v. Guam Poresia Corp.,* et al., 2007 Guam 22 n.8 (citation omitted). The factual dispute must also concern a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Id.*

This Court previously recognized that the ultimate inquiry here is "whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Bank of Guam v. Flores,* 2004 Guam 25 n7. In doing so, "the court must draw inference and view the evidence in a light most favorable to the non-moving party." *Id.*

A. *Production of Statements by Inmates of Detainees*

As a preliminary matter, the Court recognizes the purpose of the Sunshine Act is to allow public access to government agency records and information in the spirit of open government and disclosure. *Guam Publications, Inc. v, Government of Guam Retirement Fund,* 1999 Guam 29 ¶ 5; 5 GCA § 10103 ("[e]very person has the right to inspect and take a copy of any public

writing on Guam, except as otherwise expressly prohibited in law"). The government is correct in arguing that the Sunshine Act expressly prohibits the disclosure of "[r]ecords of complaints to, or investigations conducted by, or records of intelligence information, or security procedures or information, of an agency or its personnel." 5GCA § 10108 (b). Having reviewed the five (5) declarations by inmates or detainees, the Court finds such statements fall under the express prohibitions of Section 10108(b) or as records of complaints to or investigations conducted by the Department of Corrections ("DOC").

*B. Production of medical records*

First, the Court agrees that disclosure is not required where the agency which the request was addressed to was not in possession or control of the records sought. Public records are defined as "any writing containing information relating to the conduct of the prepared, *owned, used or retained by* any state or local agency in any format, including electronic format; and any out-of-court settlements records." 5GCA § 10102 (d) (emphasis added). Here, DOC does not have access to the medical records as they are *created and managed* by the Guam Memorial Hospital Authority. Further, DOC does not have authority to order GMHA to provide the records to the department. Plaintiff would have to submit his request directly to GMHA. Thus under Section 10102(d), the medical records are not "public records" owned, used, or retained by Defendant.

Second, the Sunshine Act also provides that disclosure is not required of "[p]ersonnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of person privacy...." 5GCA § 10108(c). Defendant in this case requests a copy of *any* medical reports used during the disciplinary hearing. Therefore, even assuming *arguendo* these records were public records of DOC, disclosure is still unjustified because doing so would constitute an unwarranted invasion of privacy.

*C. Production of Defendant's staff reports*

The Court is not required to disclose records "if the judge determines that the public official was justified in refusing to make the record public." 5GCA § 10111(e). After reviewing

both March 1st and March 21st informational reports written by Officer B.A. Whalen, the Court agrees that disclosure was justified since both reports contained the same information.

## II. Order to Show Cause

Section 34101 of Title 7 of the Guam Code regulates a Court's contempt powers and its issuance of orders to show cause. To establish civil contempt, the Court must find by clear and convincing evidence that there is: (1) a valid order; (2) knowledge of the order; (3) an ability to comply with the order; and (4) a willful failure to comply with the order. *Rodriguez v. Rodriguez.* 2003 Guam 8 ¶¶ 11,15 (citations omitted).

In this case, the issuance of the Order of Show Cause was prompted by the Court upon Defendant's failure to comply with Court's Orders issued on January 7 and February 20, 2019. In addition to the justifications provided to the Court during the Order to Show Cause hearing, Defense counsel's basis for its non-compliance are also provided in the Defendant's response to Order to Show Cause filed with this Court on April 16, 2019. Unlike the case in the undersigned's previous Decision and Order: Motion and Cross Motion for Summary Judgement in SP0076-16 (Feb. 27, 2019), the Court finds the failure to respond to Plaintiff's requests for information was not unjustified or withheld under bad faith. Therefore, the Court accepts the justifications provided to the Court as reasonable and hereby VACATES the Order to Show Cause.

### Conclusion

Based on reasons provided above, the Court hereby GRANTS Defendant's Motion for Summary Judgement and VACATES the Order to Show Cause issued on April 16, 2019. A judgement consistent with this Decision and Order is filed concurrently herewith.

SO ORDERED this ____ JUL 0 8 2019 ____, *nunc pro tunc* to May 13, 2019.

SERVICE 'A COURT Received for Service
I acknowledge th t a copy of the
original hereto was placed in the                           M
court box of
AG S                                                        20
Date: ____ Time: ____ Marshal Superior Court
Deputy Clerk Superior Court of Guam    of Guam

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM